IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEIK TEHUTI, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | 3:12-CV-3748-P-BK |
| | § | |
| CITIMORTGAGE, INC., et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and Special Order 3, this case was referred to the undersigned United States Magistrate Judge. For the reasons that follow, it is recommended that the action be dismissed and that Plaintiff be warned that sanctions may be imposed.

**I. BACKGROUND**

On September 13, 2012, Plaintiff filed a *pro se Petition for Writ of Habeas Corpus*, with lengthy attachments, against Defendants Citimortgage; Barrett Daffin, Frappier, Turner & Engel, LLP ("Barrett Firm"); Winsted P.C. ("Winsted"); and Attorney Kent B. Pearson, stemming from prior actions in state and federal court related to a mortgage foreclosure. (Doc. 3). The Court required Plaintiff to pay the $350 filing fee, or submit a motion to proceed *in forma pauperis*, and to answer a questionnaire. (Doc. 4, 5).

In October 2012, along with the $350 filing fee payment, Plaintiff filed a *Petition in Common Law UCC No. 12-00297420 and 12-00297421 Unconstitutional Slavery – Identity Theft, Breach of Contract, Finding of Facts, No Contract Exist, Defamation of Character; Denial of Natural Law and Natural Right by Unlawful Force* ("*Petition in Common Law*"). (Doc. 6). Plaintiff also submitted answers to the Court's questionnaire and two pleadings,

*Abolish Slavery and Terrorist Destruction by Financial Fraud of DTC Identity Theft of Freeman and Freewoman Executive Order 13519 Certificate of Service by Petition* ("Abolish Slavery") and *Petition by Finding of the Facts*. (Doc. 7, 8, 9).[1]

Plaintiff's Pleadings

As best the Court can decipher, Plaintiff complains of "slavery, natural rights, human rights, civil rights, constitutional rights" and "perjury" by Citimortgage and an unidentified debt collector. (Doc. 3 at 1). He alleges "[t]he facts prove that because Sheik Tehuti and Elfreda Allen are Afro-Americans, the Texas Bar Members Barrett Daffin Frappier Turner & Engel, LLP and other government officials has [sic] schemed a sham constitutional instrument . . . to deny human rights, civil rights, and natural rights." *Id.* Plaintiff explains:

> Citimortgage imposed an illegal trial petitioning to the court 348 for a mortgage foreclosure a private kangaroo court was held by Judge Dana Womack, Chelise Estess' Barren Daffin Frappier Turner & Engel, LLP, lying to the court permitting multiple felonies. Citimortgage and MERS Trustee appointed by Citimortgage has never had a contract of any kind to petition the court for a mortgage foreclosure against Sheik Tehuti, the natural law and natural rights violated against Elfreda Allen and Sheik Tehuti are the following cases Citimortgage and agents have petitioned 8 different court trials without any notice, summons, or jury to the following United States of America courts, 193th District Court, 236th District Court, 345th District Court and ect.

*Id.* at 8.

In response to the Court's inquiry about the statute or case law basis, supporting his claims, Plaintiff identified the following statutes: 28 U.S.C. § 636; 18 U.S.C. §§ 242, 245, 1005, 1029, 1344; and 42 U.S.C. § 1983. (Doc. 7, Ans. 1(a)). When asked about the underlying facts supporting his allegations, he answered:

---

[1] Because the complaint also lists as plaintiffs Elfreda Allen, a *pro se* litigant, and Pyramid Bonds and Fahamme Nation of Nation ("Fahamme"), **Error! Main Document Only.**corporations and/or associations, the Court initially required him to submit an amended complaint signed by Allen and/or an attorney for Pyramid Bonds and Fahamme as required by Federal Rule of Civil Procedure 11(a). (Doc. 4). Plaintiff has impliedly refused or declined to do so. Thus, the Court presumes Plaintiff is proceeding on his own behalf and that Allen, Pyramid Bonds, and Fahamme do not seek relief in this action.

> This mortgage foreclosure by Citimortgage and MERS Trustee[s] that have taken and stolen the identification of Sheik Tehuti and petition it in the District Court 348th of Tarrant County in a close door trial and committing a mortgage foreclosure that had no evidence of mortgage contract. Denying all rights of evidence, liens, Citimortgage petition Tarrant County foreclosure documents and liens to Dallas County changing jurisdiction removing all evidence Liens, U.C.C. Liens, United States Lis Pendens Liens, Subpoenas any evidence that would hide the fact that no contract exist, no promissory note, no lease and no witness of signature of contract with Citimortgage. Citimortgage has Debt Collector has petition several court filing against the identity of Sheik Tehuti to hide the facts in 236,345, 193 and 3:12-cv-3748-P-BK to dismiss evidence of no contract due to the members of Citimortgage team to help hide law and evidence. However Citimortgage a private bank has charge Sheik Tehuti with a foreclosure in a United States government Civil Court and paid debt collectors, denying the rights of the 5th and 14th Amendments guarantee a rights in the court there of Common Law, United States Constitution Law, Natural Law, Executive Order 1, Bill of Rights l thru 10, and Declaration of Independence, specifically.

*Id.* Ans. 1b.

> When requested to state specifically how he was harmed, Plaintiff stated:
>
> Citimortgage has taken the identity of Elfreda Allen and Sheik Tehuti creating slaves out of their identity, Life, Liberty, and Property without contract. Citimortgage and MERS has used its private agents and attorneys to petition a LIE in Equity Law of a contract mortgage loan in court using the United States Constitution as the instrument with Judges and judgment without trial or evidence of contract required in oath of office as evidence, and no argument. The threat of life from the court by Citimortgage, agents and judges for unknown trial, judgment, fines, restrictions, and denial of natural rights, human rights, order to kidnap, jail for civil crimes unknown fraud case and filed in 193rd District Court in Dallas County Citimortgage dba Wells Fargo in private hearing; large fines and Elfreda Allen and Sheik Tehuti identity has unconstitutional slavery and unlawful force. Certain debt collectors in the judicial has paid off officials to discriminate and deny evidence of contract, "NO CONTRACT EXIST"

*Id.* Ans. 1c. Plaintiff's remaining pleadings, *Petition in Common Law*, *Abolish Slavery*, and *Petition by Finding of the Facts*, allege the same vague, incoherent allegations. (Doc. 6, 8, 9).

<u>Plaintiff's Filing History</u>

This is Plaintiff's seventh *pro se* action. (Doc. 7, ans. 6). In 2009, he and Allen filed a suit against various government officials and financial institutions challenging the validity of their home mortgage, which had been foreclosed, and the use of mortgages generally. *Tehuti et*

3

*al. v. CitiMortgage*, No. 4:09-CV-0546-Y (N.D. Tex., Fort Worth Div., 2009). Because of the generally indistinct allegations, and Plaintiffs repeated failures to seek leave to amend, along with a proposed amended complaint setting forth the basis for federal jurisdiction, District Judge Terry Means dismissed the case without prejudice. *Id.*, Doc. 21.

Subsequently, Plaintiff unsuccessfully sought relief against the United States in the United States Court of Federal Claims. *See Tehuti v. USA*, No. 1:10-CV-0250 (Fed. Cl. Jul. 22, 2010) (granting government's motion to dismiss); *Tehuti v. USA*, No. 1:10-CV-0258 (Fed. Cl. Jun. 25, 2010) (same); *Tehuti v. USA*, No. 1:10-CV-0260 (Fed. Cl. Jun. 8, 2010) (same); *Tehuti v. USA*, No. 1:10-CV-0276 (Fed. Cl. Jun. 8, 2010) (same). In the latter case, the court directed the clerk "not [to] accept any new actions from Plaintiff without leave of the undersigned judge." *See* No. 1:10-CV-0276 (docket entry 7).[2] Next, Plaintiff filed an action against the Texas Bar Association and some of the same Defendants in this case. *Tehuti v. Texas Bar Ass., et al.*, No. 3:11-CV-0293-M (N.D. Tex. 2011). In granting Defendants' motions to dismiss, the court again noted Plaintiff's incoherent allegations. *Id.* (Doc. 23, 30).

## II. ANALYSIS

<u>Lack of Jurisdiction</u>

Screening of this fee-paid, non-prisoner case is limited to determining whether the pleadings invoke federal subject matter jurisdiction. *See Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999) (*per curiam*) (recognizing a district court's limited authority to screen fee-paid, non-prisoner cases if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," or if the claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction"); *Davis v. Texas Veterans*

---

[2] The Court relies on the docket entry because the order is not scanned and Plaintiff has declined to provide a copy of it. (Doc. 7, Ans. 6).

4


*Land Board*, No. 3:09-CV-1426-M, 2010 WL 438274 (N.D. Tex. Feb. 2, 2010) (dismissing *sua sponte* fee paid, non-prisoner complaint for lack of subject matter jurisdiction).

Federal courts are courts of limited jurisdiction, and must inquire into their subject matter jurisdiction, *sua sponte* if necessary, at the inception of any federal action. *Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("subject matter delineations must be policed by the courts on their own initiative."); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332. The Court must always liberally construe pleadings filed by *pro se* litigants. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

This case does not present a federal question. Plaintiff cites civil rights criminal statutes, *see* 18 U.S.C. §§ 242 and 245, and fraud and bank fraud criminal statutes, *see* 18 U.S.C. §§ 1005, 1029, and 1344. However, there is no private cause of action under federal criminal statutes. *Pierre v. Guidry*, 75 Fed. Appx. 300, 300 (5th Cir. 2003) (unpublished *per curiam*) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975); *Ali v. Shabazz*, No. 93-2495, 1993 WL 456323 (5th Cir. 1993)) (no private cause of action under 18 U.S.C. §§ 241 and 242); *Watson v. United States*, CIV. C-07-326, 2009 WL 2601254 (S.D. Tex. Aug. 24, 2009) (no private cause of action under 18 U.S.C. §§ 1028 and 1344).

Relying on 42 U.S.C. § 1983, Plaintiff also appears to allege civil rights violations. Section 1983 does not afford him opportunity for redress, however, because Defendants are either private entities or employees of those entities. Consequently, the complained of conduct

could not have occurred under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to pursue a claim under section 1983, a plaintiff must allege facts showing that (1) the defendant deprived him of a right secured by the Constitution and the laws of the United States, and (2) the defendant was acting under color of state law).

There is also no basis here for the Court's exercise of diversity jurisdiction since Plaintiff shares citizenship with at least two of the named defendants. In answer to the questionnaire, Plaintiff confirms that he, the Barrett Firm, and Winsted are all citizens of the State of Texas. (Doc. 7, Ans. 3). It is of no moment that Citimortgage and MERS may be citizens of other states, since the diversity statute requires "complete diversity" of citizenship. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (*citing Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants)).

Accordingly, Plaintiff's complaint should be dismissed *sua sponte* for lack of subject matter jurisdiction.

<u>Sanction Warning</u>

In light of Plaintiff's filing history in this Court and the Court of Claims, Plaintiff should be warned that if he persists in filing lawsuits over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing any further action. *See* FED. R. CIV. P. 11(b)(2) and (c)(1). Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority "to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting

multiple frivolous claims. *See Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) (emphasis added).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for lack of subject matter jurisdiction, and that Plaintiff be **WARNED** that sanctions may be imposed if he persists in filing lawsuits over which the Court lacks subject matter jurisdiction.

SIGNED December 6, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE